## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW RAY MATA YAMASTA,<br><br>Defendant. | CRIMINAL CASE NO. CF0011-25<br><br><br>**DECISION AND ORDER** |

### **INTRODUCTION**

This matter came before the Honorable Arthur R. Barcinas on June 12, 2025 upon Defendant Andrew Ray Mata Yamasta's ("Defendant") Motion to Determine Sentencing Range for Violation of Title 9 of the Guam Code Annotated (G.C.A.) § 67.401.1 (b)(1). Assistant Public Defender Alisha Molyneux represents the Defendant and Assistant Attorney General Aaron Boyce represents the People of Guam ("The People"). Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court issues the following Decision and Order **DENYING** Defendant's Motion to Determine Sentencing Range for Violation 9 G.C.A § 67.401.1 (b)(1).

## BACKGROUND

On January 4, 2025, the Defendant appeared before the Honorable Magistrate Judge Jonathan R. Quan for a Magistrate's Hearing. At that hearing the People charged the Defendant with Possession of a Schedule II Controlled Substance With Intent to Distribute (As a 1st Degree Felony) Special Allegation: Felony Committed on Release and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) Special Allegation: Felony Committed on Release in violation of 9 G.C.A. §67.401.1(a)(1) and (b)(1) and 9 G.C.A. §67.401.2(a) and (b). (Magistrate's Compl., Jan. 4, 2025). On January 13, 2025 the Defendant was indicted charging the Defendant with Possession of a Schedule II Controlled Substance With Intent to Distribute (As a 1st Degree Felony) Special Allegation: Felony Committed on Release and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony) Special Allegation: Felony Committed on Release in violation of 9 G.C.A. §67.401.1(a)(1) and §67.401.1 (b)(1). (Indictment, Jan. 13, 2025). These charges stem from allegations that on or about January 4, 2025 the Defendant unlawfully and knowingly possessed with the intent to distribute or dispense a Schedule II Controlled Substance in violation of 9 G.C.A. §67.401.1(a)(1) and (b)(1). *Id.* And on or about January 4, 2025 the Defendant knowingly or intentionally possessed a Schedule II Controlled Substance in violation of 9 G.C.A. §67.401.2(a) and (b). *Id.*

On May 2, 2025 the Defendant filed a Motion to Determine Sentencing range for the Violation of 9 G.C.A. § 67.401.1. *See,* Mot. To Determine Sentencing Range, May 2, 2025. On May 16, 2025 the People and Defendant appeared for a Motion Hearing to Determine Sentencing Range for range for Violation of 9 G.C.A. § 67.401.1. The Defendant requested that the Court not consider the People's Opposition since the People's Opposition had not been

filed. *See,* Min. Entry, June 6, 2025. The Court took the matter under advisement and set a Pretrial Conference for October 1, 2025 and Jury Selection and Trial on October 8, 2025. On June 11, 2025 the People filed an Opposition to the Motion to Determine Sentencing range for Violation of 9 G.C.A. §61.401 .1. *See,* Opp'n, June 11, 2025.

## DISCUSSION

In deciding whether to grant the Defendant's motion the Court must determine whether it is ripe for adjudication. In determining whether the issue is ripe the Court will first consider whether the motion is fit for judicial consideration. Lastly the Court will evaluate whether withholding consideration would cause hardship to the Defendant.

**I. THE DISREGARD OF UNTIMELY FILED OPPOSITIONS DOES NOT REQUIRE A COURT TO AUTOMACITCALLY GRANT THE MOTION AND IS NOT DISPOSTIVE OF THE MOTION ITSELF.**

The Defendant requests that the Court strike the People's Opposition and not consider its arguments due to the People not filing a timely opposition. *See,* Minute Entry, June 12, 2025. The disregard of untimely filed papers does not require a court to automatically grant the motion. *Quitugua v. Flores,* 2004 Guam ¶ 19. The court has a duty to analyze the merits of the motion before rendering its decision." *Id.* Therefore, the People's untimely opposition is not dispositive of the Defendant's motion, and this Court has the duty to analyze the merits of the motion before it.

**II. DEFENDANT'S MOTION IS NOT RIPE FOR ADJUDICATION SINCE A FINAL DISPOSITION OF THE CASE HAS NOT OCCURRED.**

9 G.C.A. § 80.30 states sentencing is properly conducted after conviction or plea. Determinations as to the applicability of specific subsections of the sentencing statute such as whether the Defendant qualifies under 9 G.C.A. § 80.30(a), (b), or (c), or is eligible for relief

are addressed at the time of sentencing. The Defendant requests that the Court determine the sentencing range Title 9 G.C.A. §67.401.1 in advance for trial. *See,* Def. Mot., May 2, 2025. The People state that a motion to determine sentencing range is typically a post-trial motion. *See*, Opp'n, June 11, 2025.

The ripeness doctrine exists for the purpose of preventing courts from entangling themselves in abstract disagreements. *People v. Gay,* 2003 Guam 11, ¶ 8. Courts may not give opinions upon abstract propositions. *Id.* Two factors must be considered in determining whether or not a controversy is ripe for adjudication: (1) whether the issue is fit for judicial consideration, and (2) the hardship to the parties of withholding court consideration. *Id.*

A question or claim is fit for judicial consideration when the issues raised are primarily legal, do not require further factual development, and the challenged action is final. *Id.* The Defendant's motion is not ripe for adjudication since the Defendant has yet to be found guilty of 9 G.C.A. §67.401.1(a)(1) and (b)(1) or 9 G.C.A. §67.401.2(a) and (b). Here, the Defendant's motion fails both prongs. First, the issue is not fit for judicial consideration. The Defendant has not yet been convicted. Without a conviction, the Court cannot determine the applicable sentencing range. The issue remains hypothetical the Defendant may be acquitted, convicted of a lesser-included offense, or otherwise resolved in a manner that makes sentencing under the cited provisions irrelevant. Second, no hardship results from withholding consideration. The Defendant faces no immediate or concrete harm by waiting until the sentencing phase, since sentencing determinations are necessarily made after trial. At that stage, the Court will have the benefit of a presentence investigation report and full argument from both parties.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Defendant's Motion to Determine Sentencing Range for Violation of Title 9 of G.C.A. § 67.401.1 (b)(1).

**IT IS SO ORDERED** _____AUG 2 2 2025_____.

_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:



AOS  PDSe

Date: AUG 2 2 2025  Time: 5:04p.

**Evan L. Topasna**

Deputy Clerk, Superior Court of Guam